# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50574
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO AVENDANO-CHACON, also known as John Doe, also known as Eduardo Avendano Chacon, also known as Chacon Eduardo, also known as Eduardo Avendancochacon, also known as Rosendo Avendano-Chacon, also known as "DO",

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-937-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Eduardo Avendano-Chacon appeals his conviction of illegal reentry into the United States. He entered a conditional guilty plea to the indictment, reserving the right to challenge the district court's denial of his motion to dismiss the indictment. The district court sentenced him to 10 months of imprisonment and two years of non-reporting supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50574

Now, Avendano-Chacon asserts, as he did in the district court, that his prior removal was invalid because the notice to appear which commenced the proceeding was defective for failing to specify a date and time for his removal hearing. He contends therefore that the removal order is void and that the Government cannot establish an essential element of the illegal reentry offense under 8 U.S.C. § 1326. He concedes that this challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), but he wishes to preserve the issue for further review.

The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha*. Alternatively, the Government requests an extension of time to file its brief. Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In *Pedroza-Rocha*, we concluded that a notice to appear was not deficient for failing to specify a date and time for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that Pedroza-Rocha could not collaterally attack his notice to appear without first exhausting his administrative remedies. 933 F.3d at 496–98. Avendano-Chacon's arguments are, as he concedes, foreclosed by this case. *See id.*; *see also Pierre-Paul v. Barr*, 930 F.3d 684, 688-90 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.